*Law Office of*

# Albert F. Cullen, Jr.

30 Massachusetts Avenue
North Andover, MA 01845

Albert F. Cullen, III                                                                   Tel: 978-794-5658
                                                                                        Fax: 978-794-3544

May 12, 2005

Paul R. Moore
Assistant United States Attorney
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

     **Re: US v. Leslie, Case No. 05-10052**

Dear Mr. Moore,

  Thank you for the discovery you have provided thus far.  On behalf of my client, I write pursuant to Local Rule 116.3 to request that you provide the following discovery.

  As used throughout this motion, the term "government" includes all branches of the Justice department, including the Bureau of Prisons, the Brockton Police Department as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. *See Kyles v. Whitley,* 514 U.S. 419,437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the other's acting on the government's behalf in the case, including the police"); *United States v. Osorio,* 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v. Owens*, 933 F. Supp. 76,86 (D. Mass 1996) (disclosure obligation "governs all the offices of the United States Attorney and the Justice Department itself, . . . the Bureau of Prisons . . . [and all other governmental agencies including state officers acting as agents of the federal government"); *United States v. Brooks,* 966 F.2d 1500, 1503 (D.C. Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal affairs file.)

**A.   Discovery Requests**

**1. Rule 16(a)(1)(E)**

Defendant requests inspection, copies, duplicate photographs and production of all books, papers, documents, data, photographs, surveillance tapes, grand jury transcripts, tangible objects, buildings or places within the government's possession, custody or control that are material to preparing a defense, intended for use in the government's case-in-chief or obtained from or belonging to the defendant.

In addition to the discovery requested in the paragraph above the defendant requests duplicate (as opposed to black and white photocopies) of all photographs. The defendant requests copies of all surveillance tapes from the police garage cameras referenced in the police report. Also all tape recordings (so called "Turret Tapes") made by Police before, during and after the arrest.

**2. Rule 16(a)(1)(F) and (G)**

Pursuant to Fed. R. Crim. P. 16(a)(1)(F), defendant requests that the government produce all reports of examinations and tests and that the government permit defendant to inspect and to copy or photograph all such results or reports in the possession, custody or control of the government, of which the government knows or through due diligence should know of, and which are material to preparing the defense or intended by the government for use in its case-in-chief.

In addition to the discovery requested in the paragraph above the defendant requests all records relating to the recovery (including chain of custody records from December 18, through the present date), examination, and testing records for both the Smith & Wesson revolver and the Ruger Blackhawk pistol as well as all shell casings recovered in this case.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), defendant requests that the government disclose, no later than 45 days before trial, all testimony the government intends to offer under Fed. R. Evid. 702, 703 or 705 in its case-in-chief at trial, including but not limited to the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

Authority: *United States v. Richmond*, 153 F.R.D. 7 (D. Mass 1994) ("[I]n order to serve the purposes of the Rule, the expert's written summary must be disclosed to defendant's counsel not less than forty-five calendar days before the trial").

### 3. Statements of Unindicted Coconspirators

Defendant requests that the government produce all written statements and the substance of all oral statements in the possession, custody or control of the government made by all unindicted coconspirators.

### 4.  Preservation and Production of Notes

Defendant requests that the government preserve all contemporaneous notes, memoranda, statements, reports, surveillance logs, tape recordings and other documents memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency at the time was formally participating in an investigation intended, in whole or in part, to result in a federal indictment, including all raw notes whether or not the substance of such notes is incorporated in a written report, and all rough drafts of reports.  Defendant requests production of all notes described in Local Rule 116.9 and herein to the extent such notes constitute Jencks Act or *Brady* material.

**Authority:**  1 U.S.C. Sec.3500; *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (requiring law enforcement agents to preserve original notes taken during interviews with prospective government witnesses or with an accused in order "to permit courts to play their proper role in determining what evidence must be produced pursuant to the Jencks Act or other applicable law"); *Brady, supra*.

### 5.  Early release of Jencks Act material

Defendant requests that the government produce Jencks Act material no later than 21 days before trial.  This request pertains only to Jenck's Act material that is not exculpatory.  Exculpatory witness statements should, of course, be turned over as part of automatic discovery.

**Authority:**  *Snell*, 799 F. Supp. at 24 ("nothing in the statute, preempts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act"); *United States v. Campagnuolo*, 592 F.2d 852, 859 n. 3 (5th Cir. 1979)(early release is "salutary practice"); *United States v. Hubbard*, 474 F. Supp. 64 (D.D.C. 1979) (holding government to promise of early Jencks production); *United States v. Narcisco*, 446 F. Supp. 252, 270-271 (E.D. Mich. 1977) (ordering pretrial disclosure to promote efficiency and fairness).

**B. Supplement to Automatic Discovery Provisions**

**1. Exculpatory Evidence**

In addition to the exculpatory material the government is obligated to produce pursuant to Local Rule 116.2, defendant requests that the government disclose all exculpatory evidence as that term is discussed and defined in *Kyles, supra, Brady v. Maryland,* 373 U.S. 83,87 (1963), *Giglio v. United States*, 405 U.S. 150 (1972); *Osorio, supra, United States v. Bagley*, 473 U.S. 667, 674-675 (1985), U.S. 419,437 (1995) and *Owens, supra.*

The exculpatory evidence defendant requests with respect to each government witness in this case includes, but is not limited to, the following:

**(a) Criminal Records**

All information about each witness' arrest and conviction record criminal activity and misconduct, including, but not limited to :

(1) The full record (including certified copies) of federal or state convictions, whether misdemeanor or felony. Defendant requests that the court order the government to obtain such criminal records (other than for law enforcement witnesses, and witnesses such as record keepers), *See Davis v. Alaska*, 415 U.S. 308, 316 (1974): *Oumette v. Moran*, 942 F. 2d 1, 12 (1st Cir. 1991) ("'[N]o matter more material than a complete record of the State's star witness . . . to be used for demonstrating the unworthiness of belief of his testimony . . . .'")

In addition to the discovery requested in the paragraph above the defendant specifically requests the information set forth for Kristin M. Fernandes (DOB 5/30/1983) and Ralph Toussaint (DOB 9/27/77).

(2) All information known to the government of conduct which constitutes a crime under federal or state law for which the witness could be prosecuted. *See Osario*, 929 F.2d at 756-58: *Owens*, 933 F. Supp. at 88;

(3) A full statement of all criminal prosecutions and investigations against any prospective witness and of all civil or administrative actions or investigations against the witness, regardless of whether or not these cases are the subject of promises, rewards, or inducements, see *United States v. Bonanno*, 430 F.2d 1060. 1062 (2d Cir,) (requiring disclosure of indictment of witness so that defendant could investigate all promises), *cert. denied*, 400 U.S. 964 (1970)

(4) A full statement of whether any witness was, at any time during the investigations or prosecution of the case, on probation, parole, supervised release or some other form of government supervision or had any criminal charges outstanding, *see Davis*, 415 U.S. at 317: and

(5) The prison records of any witness who has been incarcerated in federal or state prison.

**Authority:** *Kyles*, 115 S.Ct. at 1572; *Davis*, 415 U.S. at 316-317; *Osario*, 929 F.2d at 758 (government should have disclosed information that key witness had engaged in extensive drug trafficking for which he had not been charges); *Alford v. United states*, 282 U.S. 687, 693 (1931) (prior criminal conduct is relevant where the witness may have been promised or believed that his that his cooperation would lead to immunity); *Devose v. Norris*, 867 F.Supp. 836,849 (E.D. Ark. 1994) (conviction reversed where government failed to disclose prior disciplinary actions against witness for theft and making false statements to supervisor and prosecuting attorney while employed as a police officer).

**(b) Promises, rewards and inducements.**

A complete statement of all promises, rewards, or inducements of any kind made to any prospective witness in this case, whether made in connection with this case or in any case, including, without limitation, the following:

(1) All information regarding all assurances, express or implied, by the government that it will give or consider giving charge, sentencing, or other assistance to a witness (or to a relative, friend, or associate) facing actual or possible criminal charges or non-criminal sanctions, and all suggestions or recommendations that any state government or any other official agency do so.  The information provided should include the nature of the offense, the court in which the charge is pending, the docket number, and a detailed description of the assistance given:

(2) All statements made during negotiations as to what the government might or might not do depending upon the witness' cooperation:

(3) All requests for payment or promises, rewards and inducements, or favorable treatment of any kind, made by all witnesses, whether or not such requests were agreed to by the government;

        (4) All statements in the government's possession, custody or control made by all witnesses regarding all promises, rewards and inducements, or favorable treatment of any kind, the witnesses expect to receive or are trying to obtain, whether or not the government had agreed to provide such promises, rewards, inducements and treatment: and

        (5) All information regarding all threats or promises made to each witness or his family to motivate his cooperation.

    Authority.  *Kyles, Brady* and *Giglio; United States v. Drougas*, 748 F,2d 8, 23 (1st Cir. 1984) ('[e]vidence relating to the impeachment of prosecution witnesses and immunity or other preferential treatment . . . is deemed to be exculpatory within the meaning of the *Brady* rule"); *Owens*, 933 F.Supp. at 87 ("The government has to reveal all promises, rewards and inducements to include the *quid* for the *quo*.  And if the *quid pro quo* involves other sovereigns, of course that must be revealed"); Snell, 899 F. Supp. at 22("[P]romises, rewards and inducements -- is both classic Brady and is specifically mentioned in the Local Rules"); *United States v. Partin*, 493 F. 2d 750, 757-60 (5th Cir, 1974) (proper impeachment to question a witness about the dropping of charges against or other preferential treatment given to his family).

    **(c) Payment to witnesses.**

    All past, anticipated, and foreseeable payments by the government or any law-enforcement agency of money or other things of value to a witness (other than routine witness fees) for information or other assistance provided to the government or other such agency, and all written records of same.  Specifically with respect to all cooperating witnesses, defendant requests all ledgers, receipts, vouchers and other documents which describe the sums paid in any form to or for the benefit of the cooperating witness or his family in this and any other case in which the cooperating witness assisted any federal, state or local government agency.

    Authority.  *United States v. Cervantes-Pacheco*, 826 F2d 310,315-16 (5th Cir. 1987) ("[t]he government must also make a complete and timely disclosure to the accused of the fee arrangement is has made with the informant"), *cert. denied*, 484 U.S. 1026 (1988).  *United States v. Williams*, 954 F2d. 668,671-72 (11th Cir. 1992) ("jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial").

**(d) Special arrangements.**

All special arrangements made or facilitated by the government, including but not limited to any special treatment or assistance given to any witness while incarcerated or in connection with or during all debriefings by government investigators and attorneys.

**(e) Credibility.**

All information bearing upon the credibility of all witnesses, including, without limitation:

(1) All inconsistent statements by a witness, *see Kyles*, 115 S.Ct. 1569-71; *Owens*, 933 F.Supp. at 87; *United States v. Pellulo*, 14 F.3d 881, 886 (3rd Cir. 1994) ("an IRS memorandum detailing an interview with [a witness] which set forth facts inconsistent with the testimony of [the witness] . . . qualifies as *Brady* evidence);

(2) All false statements made by a witness (or omissions of material facts) during the course of interviews by law enforcement officials, *see Kyles*, 115 S.Ct. at 1571-73;

(3) All bias, prejudice, hostility, personal interest, financial interest or special relationship that could cause the witness to testify in favor of the government or against any defendant, *see Kyles*, 115 S.Ct. at 1571-72, *Owens*, 933 F.Supp.at 87; *Snell*, 899 F. Supp. at 23: *United States v. Cooper,* 662 F. Supp.913, 99 (D.R.I. 1987);

(4) All evidence of poor memory, in general or with respect to the events in question, including any statements by a witness concerning same;

(5) All physical, mental, visual, or psychiatric treatments and/or impairments and treatment (including legal or illegal use of drugs and excessive use of alcohol) which could affect the witness' accuracy, and full details concerning same, *see Pennsylvania v. Ritchie*, 480 U.S. at 60-61 (evidence of a witness' emotional impairment is discoverable); *United states v. Barrett*, 766 F.2d 609, 615-616 91st Cir.) (evidence of psychiatric treatment), *cert. denied*, 474 U.S. 923 (1985): *United States v. Butt*, 955 F.2d 77, 82 (1st Cir, 1992) (mental instability), *United states v. Collins*, 472 F.2nd 1017, 1018-1019 (5th Cir. 1972) (drug or alcohol addiction or abuse), *cert. denied*, 411 U.S. 983 (1973); *united states v. Fowler*, 465 F.2d 664, 665-666 (D.C. Cir. 1972)(same).

(6) All results of all scientific or quasi-scientific tests, such as polygraphs, which fail to conclude that a witness has been completely truthful with respect to any statement, *see Jacobs v. Singletary*, 952 F.2d 1282 (11th Cir. 1992) (government's failure to disclose witness' polygraph testimony which significantly clashed with his testimony at trial was a *Brady* violation;

(7) All evidence that a witness has a poor reputation for telling the truth or has engaged in any conduct probative of untruthfulness, *see Kyles*, 115 S. Ct. at 1572;

(8) All information tending to show a motive for any witness to curry favor with the government; and

(9) All information tending to show that a witness has a relationship with any other witness, informant or government agent.

**(f) Inconsistent statements.**

All inconsistent statements between different witnesses concerning any facts material to the investigation, defense or prosecution. *See Kyles*, 115 S.Ct. at 1569-71; *Owens,* 933 F.Supp. at 87.

**(g) Law enforcement personnel.**

All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or criminal prosecution, or the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

**Authority:** *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976) (error to foreclose discovery of undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis); *Brooks*, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); *United states v. Henthorn*, 931 F2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

**(h) Contradictory information.**

All evidence tending to undercut in any way the credibility of the government's evidence or of the allegations in the indictment.

Sincerely,

Albie Cullen