UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10052-RCL

UNITED STATES

V.

JEREL A. LESLIE

### ORDER ON DETENTION

ALEXANDER, M.J.

The defendant, Jerel Leslie, appeared before this Court for a detention hearing on June 9, 2005, pursuant to an indictment charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). At the hearing, the government was represented by Assistant United States Attorney William Connolly and Mr. Leslie was represented by Attorney Albert Cullen. The government moved to detain Mr. Leslie pursuant to 18 U.S.C. §§ 3142 f(1)(D) (prior felony convictions) and (f)(2)(A)(serious risk of flight).

In that an indictment is extant, probable cause exists to believe that Mr. Leslie committed the offenses with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). At the June 9 appearance, the Court heard arguments from the government and Mr. Leslie on the matter of detention, and

now orders that Mr. Leslie be DETAINED because, as more fully described below, no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Mr. Leslie was indicted on March 16, 2005 for knowingly possessing a .357 caliber Ruger Blackhawk revolver and five rounds of assorted .357 caliber ammunition, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). In that Mr. Leslie was in state custody, a detention hearing was postponed at Mr. Leslie's initial appearance, on April 5, 2005, based on United States v. King, 818 F.2d 112, 114 (1st Cir. 1987).

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142 (e). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the government on the question of flight risk. See id. at

1181 (citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985)).

The issue of whether the defendant poses a danger to the community entails a different analysis. The government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432, 438 (W.D. Ark. 1987), aff'd., 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988). Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. §3142(g). Pursuant to Section 3142(g), the Court first looks to the nature and circumstances of the offense charged against Mr. Leslie. This Court has routinely held that the unlawful possession of a firearm by a felon is not a crime of violence. E.g., United States v. Silva, 133 F. Supp.2d 104, 109-10 (D. Mass. 2001); United States v. Powell, 813 F. Supp. 903, 907-08 (D. Mass. 1992). The statute that makes illegal the possession of a firearm by a felon, 18

U.S.C. § 922(g)(1), also makes illegal the possession of ammunition by a felon: "It shall be unlawful for any person-- who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." That a felon possesses ammunition in addition to a firearm does not, however, tip the scales in favor of finding that such possession constitutes a crime of violence pursuant to the Bail Reform Act. The unlawful possession of a firearm and ammunition by a felon remains, however, a violation of the law and of obvious concern to this Court in any situation, especially where, as here, the felon has a violent history.

Second, the Court considers the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant committed the offenses with which he is charged. Vargas, 804 F.2d at 162-63.

The Court's third inquiry relates to the individual defendant. Defense counsel asserts that Mr. Leslie does not present a risk of flight because he has lived in the Brockton area his entire life, has never left the state of Massachusetts, and does not possess a passport. As the Pretrial Services Report indicates, Mr. Leslie has ties to the local community through his residence, family (he has a four-year old son living in Brockton), and employment background. The Court is

concerned, however, with Mr. Leslie's demonstrated inability to comply with court orders, as evidenced both by his history of defaults and his clear reluctance to comply with conditions of probation. Additionally, Mr. Leslie faces a potentially lengthy sentence of incarceration if convicted. The combination of these factors strongly suggest to the Court that Mr. Leslie may, if given the opportunity, fail to appear before this Court when required to do so.

In addition to moving for detention on the basis that Mr. Leslie is a risk of flight, 18 U.S.C. § 3142f(2)(A), the government also moved under § 3142(f)(1)(D), on the basis of Mr. Leslie's prior felony convictions. Pursuant to § 3142(e), therefore, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of the community. Mr Leslie has not rebutted that presumption. His record indicates that he poses a significant risk to the community. Mr. Leslie has failed, in the past, to comply with conditions of probation through his involvement in criminal activities, which were often violent. From his first adult record violation in 1999 (possession of a Class D controlled substance), which led to a commitment of six months after he violated his probation sentence, to his alleged actions in the instant case, Mr. Leslie has shown total disregard for court orders. He has consistently violated his probation and has had warrants issued innumerable times. Furthermore, his

5

extensive criminal record evidences a history of violence, including convictions for assaultive criminal activity. Defense counsel contends that the multiple assault and battery counts on Mr. Leslie's record do not automatically indicate that these incidents were violent in nature. As the government stated, however, it is a rare occasion in which an assault or battery is not somehow violent. Given the nature of the crimes with which he is charged and his violent history, Mr. Leslie presents a significant risk to the community at large if he is released.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e), the Court concludes by clear and convincing evidence that JEREL A. LESLIE poses a danger to the community, and by a preponderance of the evidence that he poses a risk of flight, neither of which can be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS him detained pending trial. Further, pursuant to 18 U.S.C. §3142(i) it is ORDERED that:

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the

government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Leslie's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

_7/28/05_  
Date

_Joyce London Alexander_  
United States Magistrate Judge